Archibald C. Wemple, J.
It appears that the defendant herein entered a plea of guilty to burglary third degree in Schenectady County Court on November 12,1959. On December 1, 1959 the District Attorney of the County of Schenectady filed an information accusing the defendant of being a second offender in that said defendant had ‘ ‘ under the name of Clifford Leroy Bourst ” in due form of law on or about October 10, 1955 been convicted of the crime of grand larceny second degree, one count, and grand larceny first degree, one count, in the Schenectady County Court; was given a suspended sentence thereon; and then turned over to Army authorities. The record of conviction of said defendant bears a statement using the following language: 1 ‘ Suspend imposition of judgment. To be turned over to Army authorities.”
The defendant’s counsel argues that if judgment was suspended on October 10, 1955 there never was any judgment upon which to base a second felony charge in the matter now pending in this court.
Section 2188 of the Penal Law authorizes-a court or judge to impose sentence upon conviction by “ (1) suspend sentence, or (2) may impose sentence and suspend the execution of the judgment. In either such case he may place the defendant on probation. ’ ’
While the record of conviction notes “ suspension of judgment ” the stenographic minutes of the court stenographer show and the quotation therefrom is as follows: ‘ ‘ The sentence of the Court is that it be suspended at this time and the Court directs you be detained in the Schenectady County Jail until a representative of the Army returns you to the Army. ’ ’
*652 Likewise, the journal kept by the Court Clerk bears the notation that after a plea of guilty on October 18, 1955 by this defendant, “ sentence suspended. Return to Army.”
In the case at bar, there is no doubt that sentence was imposed and that judgment was not deferred or suspended as claimed by the defendant’s counsel. Certainly the stenographic minutes of the court proceeding and the Clerk’s minutes amply demonstrate that a sentence was imposed herein and suspended. The sentence of the Judge could have merely read “ Sentence suspended.” The sentence herein was a part of the judgment but it, the judgment, was not suspended, and the notation to that effect on the record of conviction is not controlling where the other court records clearly contradict such statement.
The matter should now proceed to a determination of the question of the identity of this defendant and the District Attorney should proceed as required under section 1943 of the Penal Law.
Motion denied. Enter order accordingly.